UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Ozie M. Ware, | ) | C/A No.: 1:09-2360-MBS-JRM |
|---|---|---|
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| v. | ) | FOR |
| | ) | PARTIAL SUMMARY DISMISSAL |
| Rodney Pruitt;<br>Judge A W Flynn;<br>Officer J.E. Patsourakos;<br>Officer Griffin, | ) | |
| Defendants. | ) | |

Ozie M. Ware (Plaintiff) files this civil action *pro se* and pursuant to 28 U.S.C. § 1915.[1] In the complaint, Plaintiff complains that his civil rights have been violated because he and his son are being harassed by the defendants. Plaintiff alleges "profiling against citizens and boys," and that "the harass[ment] is racially motivated." (Compl. at 4.) Plaintiff names Rodney Pruitt (Pruitt), Judge A.W. Flynn (Judge Flynn), Officer J.E. Patsourakos (Patsourakos), and Officer Griffin (Griffin) as defendants. However, Plaintiff fails to allege any claims against Griffin, fails to state a claim against Judge Flynn, and only alleges claims personal to the Plaintiff against defendants Pruitt and Patsourakos.[2]

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made

---

[1] This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC.

[2] Service of process for defendants Pruitt and Patsourakos is authorized and directed by separate order issued simultaneously with this Report and Recommendation.

of this *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.).

This Court is required to liberally construe *pro se* documents, *Erikson v. Pardus,* 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

**Discussion**

This complaint should be dismissed as to defendants Judge Flynn and Griffin. Plaintiff has failed to state a claim against these two defendants. Plaintiff names Judge Flynn as a defendant

alleging that Judge Flynn did not sign the arrest warrants for Plaintiff's son.[3] Rather Plaintiff claims that Judge Floyd's name was signed on the warrants by someone else. Plaintiff's allegations of wrongdoing are against someone else, not Judge Flynn. Therefore, Plaintiff has not alleged a claim, much less a constitutional violation, by Judge Flynn, and he should be dismissed.

Additionally, if Plaintiff is attempting to raise a claim against Judge Flynn concerning any of his judicial acts, Judge Flynn is entitled to judicial immunity. A judge has absolute judicial immunity with respect to his judicial acts. *See Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *see also Siegert v. Gilley*, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

As to defendant Griffin, Plaintiff has failed to allege how defendant Griffin is a person responsible for a violation of Plaintiff's constitutional rights. Other than naming defendant Griffin in the caption of the complaint, this defendant is not mentioned anywhere else in the complaint. There are no allegations against defendant Griffin. A careful review of the complaint pursuant to 28 U.S.C. § 1915 reveals no allegations of a constitutional violation by Judge Flynn and Griffin. Therefore, this complaint should be dismissed as to both Judge Flynn and Griffin. *See Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *see also Weller v. Dep't of Soc.*

---

[3]To the extent that Plaintiff names Judge Flynn as a defendant regarding allegations of injury to Plaintiff's son, Plaintiff lacks standing to pursue these claims. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555 (1992); *Allen v. Wright*, 468 U.S. 737 (1984).

*Servs.*, 901 F.2d at 397 (4th Cir. 1990) (upholding district court's dismissal of defendants where no allegations were made against them or suggested that defendants "played any part in the alleged violation").

**Recommendation**

Accordingly, it is recommended that the District Judge dismiss the complaint in the above-captioned case as to defendants Judge Flynn and Griffin *without prejudice* and without issuance and service of process for these defendants. *See Denton v. Hernandez*, 504 U.S. at 25; *Neitzke v. Williams*, 490 U.S. at 319, 324-25; *Haines v. Kerner*, 404 U.S. at 519; *Brown v. Briscoe*, 998 F.2d 201, 202-04 & n.* (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d at 70; 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Process shall issue for service of the remaining defendants.

Joseph R. McCrorey
United States Magistrate Judge

October 1, 2009
Columbia, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).