IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

AIKEN DIVISION

| | |
|---|---|
| OZIE M. WARE, | ) Civil Action No. 1:09-2360-MBS-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| RODNEY PRUITT; AND | ) |
| OFFICER J. E. PATSOURAKOS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff, Ozzie Ware ("Ware"), filed this action on September 8, 2009.[1] Defendants Rodney Pruitt ("Pruitt") and J. E. Patsourakos ("Patsourakos"), both employees of the Town of Williston Police Department, filed a motion for summary judgment on May 24, 2010. Ware, because he is proceeding pro se, was advised on May 25, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion could result in the dismissal of his complaint. Ware filed a response on June 15, 2010, and Defendants filed a reply on June 30, 2010. Additional responses and/or materials were filed by Plaintiff on June 22, June 25, July 6, September 30, and October 13, 2010, and January 7, 2011. Defendants filed an additional reply on January 19, 2011.

**STANDARD FOR SUMMARY JUDGMENT**

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972)

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Local Civil Rule 73.02(B)(2)(e) DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the court.

and Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). A fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. Anderson, 477 U.S. 242 at 248. "Genuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985).

The defendant "bears the initial burden of pointing to the absence of a genuine issue of material fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). If defendant carries this burden, "the burden then shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." Id. at 718-19 (citing Anderson, 477 U.S. at 247-48).

"[O]nce the moving party has met his burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). The party

asserting that a fact cannot be or is genuinely disputed must support the assertion by: (1) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (2) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c) (1)(A-B).

Unsupported hearsay evidence is insufficient to overcome a motion for summary judgment. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547 (5th Cir. 1987) and Evans v. Technologies Applications & Servs. Co., 80 F.3d 954 (4th Cir. 1996). If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials-including the facts considered undisputed-show that the movant is entitled to it; or (4) issue any other appropriate order. Fed. R. Civ. P. 56(e)(1-4).

## DISCUSSION

Ware appears to have brought this case pursuant to 42 U.S.C. § 1983. He alleges numerous claims concerning his adult son.[2] Plaintiff also appears to allege that he has been harassed and that the harassment is racially motivated. Ware alleges that:

> The arresting officer [of Ware's son] Pruitt has been harassing me to the full[]est. I also DJ part time and while working Officer Patsourakos gave me a ticket on 8/1/09 for playing the music to[o] loud. He charged me $1097.50. I was performing this service for the home owner.

---

[2]Copies of arrest warrants provided by Ware indicate that his son was over the age of 18 at the time of the arrests complained of in Ware's complaint. See Attachments to Doc. 33 (arrest warrants).

Complaint at 4. Defendants contend that they are entitled to summary judgment because: (1) Ware lacks standing to raise claims relating to his adult son; (2) Ware's claims of harassment and racial discrimination are inadequate and fail to state a claim upon which relief may be granted; (3) Defendants are entitled to qualified immunity; and (4) Ware fails to satisfy the favorable termination requirement.

1.       Claims on Behalf of Ware's Son

The majority of Ware's claims concern the arrest and alleged harassment of his son. He appears to allege claims concerning the arrest of his son, his son's bond hearing and bond amount, a subsequent arrest of his son in which Defendant Patsourakos allegedly crossed county lines to make the arrest, and inconsistencies as to his son's arrest warrants. Ware also claims that his son is currently unemployed due to the harassment of the officers. See Complaint at 3-4. Defendants contend that Plaintiff does not have standing to raise claims relating to his adult son.

Plaintiff, who has brought this action pro se, lacks standing to assert the claims of his son. See Laird v. Tatum, 408 U.S. 1 (1972); see also Valley Forge Christian Coll. v. Americans United for Separation of Church & State, 454 U.S. 464, 482 (1982); Flast v. Cohen, 392 U.S. 83, 99 (1968)(a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, such that the merits of the case are irrelevant); Lake Carriers Ass'n v. MacMullan, 406 U.S. 498, 506 (1972); and Hummer v. Dalton, 657 F.2d 621, 625-626 (4th Cir. 1981)(a prisoner cannot act as a "knight-errant" for others). Cf. Oxendine v. Williams, 509 F.2d 1405, 1407 & n. * (4th Cir. 1975)(a pro se prisoner cannot be an advocate for others in a class action); and McNeil v. Guthrie, 945 F.2d 1163, 1164 & nn. 1-2 (10th Cir. 1991).

  2.  <u>Harassment/Racial Discrimination</u>

Ware also appears to assert claims for harassment and racial discrimination. Defendants contend that Ware fails to state a claim upon which relief may be granted.

To the extent that Ware is attempting to allege a constitutional violation for verbal harassment, his claim fails. Any alleged verbal harassment here does not constitute a violation of any federally protected right. See <u>Aziz Zarif Shabazz v. Pico</u>, 994 F.Supp. 460, 474 (S.D.N.Y.1998) (noting that "verbal harassment or profanity alone, 'unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem,' does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983"); <u>see also</u> <u>Pittsley v. Warish</u>, 927 F.2d 3, 7 (1st Cir.1991) ("Fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest.").

Ware also fails to establish a constitutional claim for racial harassment. Although racial discrimination claims are actionable, <u>Henry v. Van Cleve</u>, 469 F.2d 687 (5th Cir. 1972), merely conclusory allegations of discrimination are insufficient to state a claim. See <u>Chapman v. Reynolds</u>, 378 F. Supp. 1137 (W.D. Va. 1974)("[A]bsent some factual evidence the court will not look behind the determinations of prison officials on mere accusations that they are racially motivated."). Ware has not produced any evidence that race placed any part of his being ticketed for loud music or any other actions taken against him by Defendants.

5

3.      False Arrest/Injunctive Relief

It is unclear whether Plaintiff is alleging a false arrest claim concerning his loud music ticket. Defendants contend that any such claim must be dismissed because Ware has not met the favorable termination requirement.[3]

"The Fourth Amendment is not violated by an arrest based on probable cause." Graham v. Connor, 490 U.S. 386, 396 (1989). A warrantless arrest is valid if the arresting officer has probable cause to believe the suspect has committed an offense, and the officer's decision that probable cause is present is reviewed under a totality of the circumstances test. See Illinois v. Gates, 462 U.S. 213, 238 (1983). Probable cause exists when the facts and circumstances within an officer's knowledge are "sufficient to warrant a prudent man in believing that the [individual] had committed or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91 (1964).

Officer Patsourakos states that he was eating at a restaurant with several troopers, that they could hear loud music in the distance, he received a call about a noise complaint, when he arrived at the scene he observed Ware performing the services of a DJ for a party, Ware was playing music at a high volume, and Patsourakos issued Ware a citation for a violation of a noise ordinance. Patsourakos Aff. Ware states that he was acting as a DJ at a house party, a Williston police officer arrived at the scene, an unknown officer told him to keep the music down and said he would go down the road and see if the volume was okay and would come back, he came back in ten minutes with Patsourakos, and Patsourakos issued a citation. See Ware Aff. (Attachment to Doc. 33). Here, even

---

[3] It appears that the charge in question is still pending. See Plaintiff's January 7, 2011 response (Doc. 46).

if Ware has alleged a claim for false arrest, he has presented nothing to dispute that Patsourakos had probable cause to arrest him.[4]

Additionally, although the holding in Heck v. Humphrey, 512 U.S. 477(1994),[5] is not applicable to a claim of false arrest, see Wallace v. Kato, 549 U.S. 384, 393 (2007), absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. See, e.g., Younger v. Harris, 401 U.S. 37, 44 (1971); Harkrader v. Wadley, 172 U.S. 148 (1898); Nivens v. Gilchrist, 319 F.3d 151 (4th Cir.2003); and Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir.1989). In Cinema Blue of Charlotte, Inc. v. Gilchrist, the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings.

---

[4]It is unclear from the record whether Plaintiff was arrested.

[5]The court in Heck held that:
> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck 512 U.S. at 487.

4.  Qualified Immunity

Defendants contend that they are entitled to qualified immunity in their individual capacities. The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Harlow, 457 U.S. at 818.

The Court of Appeals for the Fourth Circuit has stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), cert. denied, 516 U.S. 824 (1995). As discussed above, Plaintiff fails to show that Defendants violated any of his clearly established constitutional or statutory rights. Therefore, Defendants are entitled to qualified immunity in their individual capacities.

## **CONCLUSION**

Based on the foregoing, it is recommended that Defendants' motion for summary judgment (Doc. 27) be **granted**.

Joseph R. McCrorey
United States Magistrate Judge

January 24, 2011
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).