IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

AIKEN DIVISION

| | |
|---|---|
| Ozzie M. Ware, ) | |
| ) | C/A No. 1:09-2360-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Rodney Pruitt; and Officer J.E. ) | |
| Patsourakos, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

    Plaintiff Ozzie M. Ware, appearing pro se, filed this action against Defendants Rodney Pruitt and Officer J.E. Patsourakos, employees of the Town of Williston Police Department, on September 8, 2009.[1] Plaintiff alleges that Defendants harassed his son and violated his son's civil rights with respect to his son's arrest. Plaintiff also alleges that he (Plaintiff) has been harassed and ticketed by Defendants because of his race. Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Plaintiff also appears to allege a state law claim for false arrest based upon a citation he received for violating a noise ordinance while acting as a disk jockey for an outdoor party.

    This matter is before the court on motion for summary judgment filed by Defendants on May 24, 2010. On May 25, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedures and the possible consequences of failing to respond adequately. Plaintiff filed a response in opposition on June 25, 2010, to which Defendants filed a reply on June 30, 2010, and Plaintiff filed a surreply on July 6, 2010. Plaintiff

---

[1] Plaintiff also named as Defendants Judge A.W. Flynn and Officer Griffin. These Defendants were dismissed by order filed October 28, 2009, as amended November 18, 2009.

filed additional materials on June 22, September 30, and October 13, 2010, and January 7, 2011. Defendants filed an additional reply on January 19, 2011.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. On January 24, 2011, the Magistrate Judge issued a Report and Recommendation in which determined that Plaintiff lacks standing to raise allegations regarding the arrest and alleged harassment of his son. Report and Recommendation 4 (ECF No. 48) (citing cases). In addition, with respect to Plaintiff's allegations of harassment and racial discrimination pertaining to Plaintiff himself, the Magistrate Judge noted that (1) any claims of verbal harassment do not implicate the violation of a federally protected right, and (2) mere conclusory allegations of discrimination are insufficient to state a claim. Report and Recommendation 5 (citing cases). The Magistrate Judge further held that any allegation of false arrest failed because Plaintiff failed to demonstrate that he was arrested without probable cause. The Magistrate Judge further noted that if Plaintiff's citation was still pending, the federal court was not authorized to interfere with the state's pending criminal proceedings. Report and Recommendation 7 (citing cases, including <u>Younger v. Harris</u>, 401 U.S. 37, 44 (1971)). The Magistrate Judge also found that Defendants are entitled to qualified immunity because Plaintiff failed to show that they had violated any of his clearly established constitutional or statutory rights. Accordingly, the Magistrate Judge recommended that Defendants' motion for summary judgment be granted. Plaintiff filed objections to the Report and Recommendation on February 4, 2011.

## DISCUSSION

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court.

Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

Plaintiff's objections read as follows:

Did the District Court read affidavit of Rodney Pruitt and Officer JE Patsourakos. Rodney Pruitt denied me my rights to be at my son bond hearing. . . . Can you set a bond in a room behind close door's. Can Rodney Pruitt set a bond. Is he a Judge. My civil right has been violated. . . . Rodney Pruitt did'nt tell the truth to the District Court on a sworn affidavit. In my affidavit (Ozie M Ware) . . . Police officer unknown. He would go down the road and see if the volume is okay he would be back and let me know not come back and give a citation. . . . Patsourakos issued a citation not unknown officer. Officer J.E. Patsourakos maid sure that it was me (Ozie M. Ware) went he ask for my ID. Officer unknown told him I was D.J.ing thats why he came back with unknown officer. Thats harassment. . . .

Im asking in the United States District Court District of South Carolina Aiken Division. Not too dismiss my case 1:09-2360-MBS-Jrm. Thank you.

Plaintiff's objections reiterate the allegations of his complaint and fail to direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Nevertheless, the court has thoroughly reviewed the record. The court concurs in the recommendation of the Magistrate Judge.

## CONCLUSION

The court adopts the Report and Recommendation and incorporates it herein by reference.

For the reasons stated herein and in the Report and Recommendation, Defendants' motion for summary judgment (ECF No. 27) is **granted**.

    **IT IS SO ORDERED**.

                                     /s/ Margaret B. Seymour
                                     United States District Judge

Columbia, South Carolina

February 22, 2011.

# NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**